UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORGE MACIAS, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-11-CV-1077-XR |
| | § | |
| BANK OF AMERICA, N.A.; | § | |
| BAC HOME LOANS SERVICING, | § | |
| LP; PRLAP, INC.; MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC., | | |
| | | |
| *Defendants*. | | |

**ORDER**

On this date, the Court considered the status of the above-styled and numbered cause.  On

July 9, 2012, the Court granted Defendant's motion to dismiss for failure to state a claim, without

prejudice to Plaintiff amending his complaint in order to provide a more definite statement of the

cause of action underlying his demand for injunctive relief (Docket Entry No. 5).  The Court

directed the Plaintiff to file any such amended complaint on or before August 6, 2012 to avoid

dismissal of the case.

"The federal courts are vested with the inherent power 'to manage their own affairs so as

to achieve the orderly and expeditious disposition of cases.'" *Gonzalez v. Trinity Marine Group,*

*Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82

S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Under some circumstances, Rule 41(b) of the Federal Rules

of Civil Procedure provides that a court may, in its discretion, dismiss a plaintiff's claim for

failure to prosecute or to comply with any order of the court.  *See* FED. R. CIV. P. 41(b); *Link*, 370 U.S. at 630 ("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

To this date, the docket records maintained by the Clerk of the Court reflect that the Plaintiff failed to file an amended complaint by the August 6, 2012 deadline, and that no other activity has transpired in this matter since the Court's July 9, 2012 Order (Docket Entry No. 7). To avoid dismissal of this case for lack of prosecution, Plaintiff is ORDERED to apprise the Court of the status of this case in the form of a written advisory no later than **August 21, 2012.**

It is so ORDERED.

SIGNED this 14th day of August, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE